IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

BERTHA TAYLOR, on behalf of        :
TIERRA TAYLOR,                     :
                                   :
        Plaintiff,                 :
                                   :
v.                                 :          CIVIL ACTION 05-0560-M
                                   :
JO ANNE B. BARNHART,               :
                                   :
        Defendant.                 :


<u>MEMORANDUM OPINION AND ORDER</u>

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income for children (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21).  Oral argument was heard on April 24, 2006.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born January 19, 1997.  At the time of the administrative hearing, Taylor was seven years old and was in the second grade (Doc. 14).  In claiming benefits, Plaintiff alleges disability due to asthma (Doc. 14).

The Plaintiff filed a protective application for SSI on August 18, 2003 (Tr. 56-58).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she had severe impairments, Taylor was not disabled (Tr. 10-20).  Plaintiff requested review of the hearing decision (Tr. 9) by the Appeals Council, but it was denied (Tr. 4-7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Taylor alleges that:  (1) The ALJ did not properly consider the opinions and conclusions of her treating physician; (2) she meets the requirements of Listing § 103.03(c)(2) and/or 103.03(B); (3) the ALJ did not develop a full and fair record; (4) the ALJ did not consider her poverty in making his decision; and (5) the ALJ was biased against Plaintiff (Doc. 14).  Defendant has responded

2

to—and denies—these claims (Doc. 15); Plaintiff replied to the response (Doc. 20).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physicians.  She specifically references Dr. Izzeddin Kalelmaz (Doc. 14, p. 7).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2005).

The best statement of Dr. Kalelmaz's opinion is a form he completed on October 21, 2004 which indicates that he regularly prescribed a medication cocktail to help Plaintiff deal with her severe, chronic asthma with attendant respiratory difficulties (Tr. 46-49).  The doctor indicated that asthma limited Taylor's physical activities and "very seriously" interfered "with her ability to initiate, sustain, to complete activities of a physical nature" (Tr. 47).  Kalelmaz referred to four specific

---

[1]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

dates[2] on which doctoral intervention was required at the Hale County Hospital Emergency Room (hereinafter *ER*) to help Plaintiff with her asthma; he also discounted other specified ER visits as being unrelated to asthma (Tr. 47-48).  The doctor stated that Taylor "would have difficulty physically playing or interacting with her peers" because of her asthma and that most of her visits to the ER were required (Tr. 49).  Dr. Kalelmaz's final comment was that Plaintiff "had moderate persistent asthma with multiple breakthroughs" (*id.*).

The ALJ found that the record did not support the doctor's conclusion that Taylor's asthma was "very seriously" limiting (Tr. 18).  At least part of the ALJ's rejection was based on a teacher assessment form completed by Dana Thomas on January 13, 2004, which stated that Plaintiff had no educational disabilities and required no special instruction (Tr. 91-92; *see generally* Tr. 91-101).  Thomas indicated that she had instructed Taylor for six months, in the first grade, on a daily basis, all-day long, and that Plaintiff had no problems in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and caring for herself (Tr. 93-99).  The teacher noted that Plaintiff was "a very independent worker[,] usually finished all

---

[2]Those specific dates are April 19, 2003 (Tr. 167), October 27, 2003 (Tr. 157-60), February 2, 2004 (Tr. 154-56), and May 12, 2004 (Tr. 203-05).  Those medical records will not be summarized herein.

assignments with no problem[, and was] a class leader" (Tr. 94).
Thomas did note, however, that Taylor used a Nebulizer/inhaler on
a regular basis which often caused her to have headaches; the
teacher stated, though, that she had "never witnessed any asthma
problems with her" (Tr. 100).

The Court finds substantial support for the ALJ's
conclusions.  The medical evidence—even that of Dr. Kalelmaz—does
not support a diagnosis that Taylor is "very seriously" limited
in her physical capabilities.  Teacher Thomas's assessment, based
on her six-month daily interaction, clearly refutes the doctor's
statement otherwise.  This claim is of no merit.

Taylor has also argued that she meets the requirements of
Listing § 103.03B and/or 103.03C(2).  20 C.F.R. Part 404, Subpart
P, Appendix 1, Listing 103 (2005).  The Court will address these
separately.

Listing 103.03B requires that a claimant have asthma attacks

> in spite of prescribed treatment and
> requiring physician intervention, occurring
> at least once every 2 months or at least six
> times a year.  Each inpatient hospitalization
> for longer than 24 hours for control of
> asthma counts as two attacks, and an
> evaluation period of at least 12 consecutive
> months must be used to determine the
> frequency of attacks.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 103.03B
(2005).  Dr. Kalelmaz's assessment indicated four different ER

5

visits, spanning thirteen months, which required his intervention; he denied that the other ER visits were asthma related (*see* Tr. 47-48). The evidence does not support a finding that Taylor meets the Listing requirement of six interventions in a twelve-month period.[3]

Listing 103.03C(2) requires that a claimant have asthma with

> [p]ersistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with . . . [s]hort courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 103.03C(2) (2005). Plaintiff correctly notes that she underwent five-day corticosteroid treatments in April 2003[4] and February 2004 (Tr. 14, p. 6), but incorrectly includes the October 27, 2003 treatment as it consisted of a single injection and no additional

---

[3]Plaintiff has pointed to three ER visits and three Clinic visits as counting for the six times in 2003 (Doc. 14, p. 7). However, as her treating physician indicated that only two of the ER visits during 2003 were asthma-related, Taylor fails to meet the requirement, even without considering the Clinic visits.
    The Court also notes that Plaintiff points to three days of inpatient hospitalization during December 2000 (Doc. 14, p. 7). This period pre-dates Taylor's asserted date of disability (August 18, 2003), however, so is not available for consideration (*see* Tr. 56). The Court also notes that one of the dates pointed to by Dr. Kalelmaz as requiring physician intervention (April 19, 2003), also pre-dates Plaintiff's stated date of disability.

[4]Again, the Court notes that this pre-dates Plaintiff's stated date of disability.

6

steroid medication (Tr. 157). The ALJ correctly found that Taylor did not meet the requirements of either Listing.[5]

In spite of the ALJ's determination that Plaintiff had failed to demonstrate that she met the requirements of the Listing, the ALJ underwent domain analysis to determine if she *equaled* the Listings (Tr. 17-19). The Court finds that the ALJ faithfully provided that analysis and, based on the medial evidence of record, properly determined that Taylor had, at most, a marked limitation in the domain of health and physical well-being and a less-than-marked limitation in the domain of moving about and manipulating objects (Tr. 18-19). The medical evidence and the assessment by Plaintiff's school teacher support this conclusion. Plaintiff's claim otherwise is meritless.

Taylor's next claim is that the ALJ did not develop a full and fair record. The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The Court finds no merit in this claim as Plaintiff has failed to argue what the ALJ failed to do to develop a full, fair record (Doc. 14, pp. 9-10).

---

[5]Plaintiff has stated that the "ALJ had a duty to call a medical expert if he does not understand the issue" (Doc. 14, p. 6) and "[i]t is reflective of the need for expert testimony in this case that the ALJ did not know the law, or maybe just did not know how to apply the law" (Doc. 14, p. 10). The Court finds these remarks misplaced as the ALJ's conclusions are supported by substantial evidence.

Taylor next claims that the ALJ did not consider her poverty in making his decision. In making this argument, Plaintiff states that the "ALJ indicated that Taylor should have had more consistent physician monitoring if her asthma was so bad;" Plaintiff then pointed out that no more treatment could be afforded (Doc. 14, p. 8). It is noted that the Eleventh Circuit Court of Appeals has held that poverty excuses noncompliance with medical treatment. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).

The Court notes at the outset that Taylor has failed to cite the ALJ's statement that she should have had more consistent physician monitoring. After scouring the record and failing to find anything resembling this remark, the Court finds this argument to be of no merit.

Plaintiff's final claim is that the ALJ was biased against her. Taylor points to the following statements he made at the evidentiary hearing: "'I am an asthmatic and I have allergies. Everything you name there I am very familiar with'" (Doc. 14, p. 8) (citing Tr. 245).

The Court finds no bias in these statements and finds nothing in the ALJ's decision which indicates a bias against Taylor. This claim is of no merit.

Plaintiff has raised five different arguments in bringing this action. All are without merit. Upon consideration of the

8

entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate order.

DONE this 26th day of April, 2006.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

9